**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2874
_____

UNITED STATES OF AMERICA

v.

LUIS PAYANO-PEREZ,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3:20-cr-00526-001)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 9, 2024
_____

Before:  Bibas, Chung, and Roth, <u>Circuit Judges</u>

(Filed: February 19, 2025)
_____

OPINION[1]
_____

CHUNG, <u>Circuit Judge</u>.

Luis Payano-Perez appeals his conviction for possession with intent to distribute

_____

[1]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

100 or more grams of heroin, 21 U.S.C. § 841(a)(1), (b)(1)(B).  Payano-Perez argues that the District Court erred in admitting a text message thread reflecting prior uncharged conduct.  We disagree and will affirm.

I.    BACKGROUND[2]

On November 8, 2018, Payano-Perez drove a kilogram of heroin from New York to the parking lot of a New Jersey Wawa convenience store.  Payano-Perez was apprehended in the parking lot and charged by indictment with possession with intent to distribute 100 or more grams of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  Payano-Perez entered a plea of not guilty.  Payano-Perez maintained that he did not know what he was delivering and told police officers that he stopped at the Wawa because his travel companion needed to use the bathroom.

Before trial, the Government moved to admit eleven text message threads, arguing that they (1) showed Payano-Perez's familiarity with drug-trafficking generally and heroin specifically, and (2) undermined Payano-Perez's expected defense that he was an unwitting mule.  Payano-Perez opposed the motion, arguing that the texts were introduced to show that he had a propensity for criminal conduct and that their probative value would be substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 404(b)(1), 403.

The District Court granted in part and denied in part the Government's motion, excluding ten message threads but finding admissible a thread from October 25, 2018

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.

2

because of "the close proximity in time between this communication and the instant offense." App. 88. The District Court also found that the text message's "references [to] money, grams, and various colors ... could lead to a reasonable inference that the defendant is discussing controlled substances here."[3] Id.

At trial, the Government introduced the October text message thread, and the Government's expert explained that the thread "appears to be a conversation about heroin and possibly cocaine being purchased." App. 718. The District Court then instructed the jury:

> You may consider this evidence only for the purpose of deciding whether the defendant knowingly or intentionally possessed with the intent to distribute 100 grams or more of heroin on or about November 8, 2018. … The defendant is not on trial for committing this other act. You may not consider the evidence of this other act as a substitute for proof that the defendant committed the offense charged.

App. 723–24.

At the close of evidence, the District Court repeated this limitation on the use of the October text message thread, instructing the jury: "You may not consider the evidence of this other act as a substitute for proof that the defendant committed the offense charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes." App. 966.

---

[3] In the message thread, Payano-Perez asks a man referred to as Tachuela, "What do you want to [come] get? The brown one?" App. 1207 (alteration in original). Tachuela responds, "The white. I just want 10g of the brown one because I have only talked to 3 people, and they want to check it out first." App. 1208.

During the Government's summation, the Government referred to the text message thread, asking the jury to think of a great cyclist who, on October 25, 2018, "[c]an go fast, can go slow, uphills, downhills, can do tricks," but two weeks later, "he tells you, when looking at a bike, I have no idea what that is. That is a weird looking device. … How do I ride it?" App. 1010. The Government then asserted, "You don't have a text message like this one day and then two weeks later claim you don't know anything." App. 1010–11.

Payano-Perez moved for a mistrial at the end of summation, arguing that the Government had used the text message thread to improperly demonstrate a propensity to commit crimes like the one for which Payano-Perez was on trial. The District Court denied the motion for a mistrial.

Ultimately, the jury returned a guilty verdict, and the District Court sentenced Payano-Perez to 51 months of imprisonment and three years of supervised release. Payano-Perez timely raised this appeal.

II.     DISCUSSION[4]

Payano-Perez argues that the District Court erred under Federal Rules of Evidence 404(b) and 403 in admitting the October text message thread.

---

[4]     The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. "We review a district court's evidentiary rulings for an abuse of discretion." United States v. Caldwell, 760 F.3d 267, 274 (3d Cir. 2014). This includes the review of a court's balancing of probity and unfair prejudice under Rule 403. United States v. Bailey, 840 F.3d 99, 117 (3d Cir. 2016). We exercise plenary review, however, when reviewing whether evidence was offered for a proper, non-propensity purpose. Caldwell, 760 F.3d at 274 (quoting United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010).

4

A.     The District Court's Rule 404(b) Ruling Was Not in Error.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of an uncharged crime to establish a defendant's propensity to commit a crime, but provides that such evidence "may be admissible for … proving … intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b). "If the court admits evidence of uncharged acts, the district court must articulate with precision a chain of inferences that does not contain a propensity link." Bailey, 840 F.3d at 127 (cleaned up). However, a District Court's failure to be "explicit in articulating the chain of logical inferences warranting the admission" of Rule 404 evidence "is not dispositive of the admissibility question" because "[t]he prime inquiry is whether the evidence is probative of a material issue other than character." United States v. Lopez, 340 F.3d 169, 173–74 (3d Cir. 2003) (quotation omitted).

Here, the Government "identifie[d] a non-propensity purpose that is 'at issue' in the case" and "explain[ed] how the evidence [wa]s relevant to that purpose," Caldwell, 760 F.3d at 276, by explaining in its motion that the evidence was relevant to negating Payano-Perez's defense that he did not know the package in his trunk contained heroin. App. 32. The Government then articulated the requisite "chain of inferences," id. at 277, for the evidence it proffered, noting that "[h]aving negotiated quantities of narcotics sales as reflected by the eleven text threads, Payano-Perez is certainly more likely to have had knowledge of the nature and quantity of the heroin in the bed of the Toyota SUV, not to mention the intent and plan to distribute that particular quantity of narcotic to [the confidential informant]." App. 33, 40. This chain "connect[ed] the evidence to a proper

5

purpose, no link of which [wa]s a forbidden propensity inference." Id. (internal quotation omitted).

At the pre-trial conference, the District Court appeared to adopt the Government's reasoning as to the October text message, holding that:

> [T]he close proximity in time between this communication and the instant offense, less than one month, [is] highly probative of intent and lack of mistake. The same is true of the language in this conversation, which specifically references money, grams, and various colors, and which could lead to a reasonable inference that the defendant is discussing controlled substances here.

App. 88. Given the relevance of the evidence, the District Court found it admissible under Federal Rule of Evidence 404(b). App. 88.

We reach the same conclusion. Here, as in Bailey, countering the defendant's argument that he lacked knowledge as to the details of his offense served as "a valid, non-propensity reason to admit" evidence of past criminal conduct. Bailey, 840 F.3d at 128 (affirming admission of evidence where district court explained relevance of prior conviction to defendant's knowledge and to countering defendant's claimed ignorance). Further, we agree with the District Court that the October 25, 2018 text message was relevant to Payano-Perez's awareness that the bag he was delivering contained cocaine and was therefore "probative of a material issue other than character." Lopez, 340 F.3d at 174. Accordingly, Payano-Perez's Rule 404 challenge fails.

B.     The District Court's Rule 403 Ruling Was Not an Abuse of Discretion.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice."

6

"When determining whether evidence violates Rule 403, district courts must balance the probative value of the evidence against its prejudicial effect, clarifying its reasoning on-the-record." Bailey, 840 F.3d at 117. We require such balancing be on the record so that we can "understand the district court's logic." Id. "If a district court does not conduct this on-the-record balancing, we either remand the case to the district court or, where practical, undertake this balancing ourselves." Id. at 117–18.

Payano-Perez argues that the District Court failed to conduct its Rule 403 analysis on the record, and that this omission was an abuse of discretion. We disagree. While the District Court did not explicitly discuss the potential prejudicial effect of the message thread, the District Court's Rule 403 balancing can be clearly inferred from the District Court's commentary regarding the other text message threads that the District Court declined to admit.[5] As the District Court explained, while the probative value of the other ten messages was "substantially outweighed by their prejudicial effect . . . [o]n the flip side . . . the October 25, 2018, communication" was "highly probative of intent and lack of mistake." App. 87–88.

Although the District Court did not say the word "outweigh" or "prejudicial" in assessing the October message thread, failure to explicitly quote the language of Rule 403 is not fatal. See United States v. Finley, 726 F.3d 483, 491 (3d Cir. 2013). It is clear from context that the District Court found the probative value of the October text

---

[5] As Payano-Perez concedes, the District Court "did explicitly reject the admission of ten other text message threads on 403 grounds." Op. Br. 40.

message thread was not substantially outweighed by its potentially unfair prejudicial effect. See id. Payano-Perez's Rule 403 challenge therefore fails.

III.   CONCLUSION

The District Court properly exercised its discretion in admitting the October text message thread. We will therefore affirm.